MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON C. ROLLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3 08 1053 |
| ) | |
| v. ) | No. 3:08mc0249 |
| ) | Judge Campbell |
| LT. JAMES HORTON, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Riverbend Maximum Security Institution (Riverbend) in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against Lt. James Horton, Warden Ricky Bell, Deputy Warden Mike Crutcher, Unit Manager Sandra Hall, Counselor Vincent Meaker, Cpl. f/n/u Mosby, Sgt. f/n/u Lewis, Shift Commander f/n/u Baldwin, and Officer f/n/u Miller. The defendants were employed at Riverbend at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the Eighth Amendment.

The complaint asserts two claims. (Docket Entry No. 1, ¶ V, p. 10) First, the plaintiff had a verbal altercation with his teacher on February 12, 2007, following which he was taken to "the hole," when he refused to "stop talking" about the incident. Lieutenant Horton, who chaired the subsequent disciplinary hearing, recommended that the plaintiff be placed in maximum security because of his past disciplinary history, and inability to stay out of trouble.[1]

---

[1] It is unclear from the complaint whether these events occurred in February, 2007 or February, 2008. Construing the complaint in the plaintiff's favor, the Court assumes without deciding that these events occurred in

Next, the plaintiff experienced difficulties in obtaining an "alternate" food tray on July 15, 2008. When the plaintiff did not receive the "alternate" food tray, he stuck his arm in the pie flap, and told the corrections officers that he would not remove his arm until he received the proper food tray. Corrections officers instructed the plaintiff repeatedly to remove his arm from the pie flap, assuring him that, when he did, his food tray would be brought to him. The plaintiff refused each time, telling the officers to get his food tray first.

Following the standoff described above, Cpl. Mosby instructed Officer Miller to get the "shock shield," in response to which the plaintiff told Cpl. Mosby, "Instead of wastin' all that time sendin' for the shock shield . . . you coulda just told him to go on head and get my tray." Officer Miller returned with the shock shield and "proceed to shock [him] a dozen times . . . to no avail."

When the shock shield had no effect, Shift Commander Baldwin and Sgt. Lewis were summoned. Shift Commander Baldwin asked the plaintiff twice to remove his arm from the pie flap. The plaintiff replied in both instances that he would not remove his arm from the pie flap until he received his food tray. When the plaintiff refused to remove his arm from the pie flap after the second warning, Shift Commander Baldwin tazered him for "two and a half minutes," again with "no effect."

When the plaintiff still refused to remove his arm from the pie flap, Shift Commander Baldwin told Cpl. Mosby to get the shock shield again, whereupon Shift Commander Baldwin tazed the plaintiff, and Cpl. Mosby shocked him with the shock shield, while Officer Miller and Sgt. Lewis "jamm[ed]' the pie flap door against his arm. According to the plaintiff, the officers were "finally able to force [his] arm back in the flap."

---

February, 2008

2

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Lieutenant Horton

The plaintiff asserts that Lt. Horton chaired the plaintiff's disciplinary hearing following the incident with the plaintiff's teacher, and recommended that he be reclassified maximum security.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a

3

recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *See Wells*, 891 F.2d at 594. Conclusory claims are subject to dismissal. *See Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

The plaintiff's claims against Lt. Horton are conclusory. Therefore, they will be dismissed for failure to stat a claim on which relief may be granted.

### B. Warden Bell, Deputy Warden Crutcher, Unit Manager Hall, Counselor Meaker

The plaintiff names the individuals identified above as defendants. However, he does not mention them anywhere in the statement of his claim. Neither is the Court able to liberally construe any allegations against these defendants from the complaint and/or attached documents. Because the plaintiff fails to satisfy the first part of the two-part test under *Parratt*, *supra* at p. 3, his claims against these defendants will be dismissed for failure to state a claim on which relief may be granted.

### C. Corporal Mosby, Sergeant Lewis, Shift Commander Baldwin, and Officer Miller

The plaintiff alleges that the above-named defendants used excessive force against him when he would not remove his arm from the pie flap.

A viable Eighth Amendment claim for the use of excessive force has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v.*

4

Case 3:08-cv-01053   Document 4   Filed 10/31/08   Page 4 of 5 PageID #: 31

*McMillian*, 503 U.S. 1, 8-9 (1992). In an excessive force claim, the objective component requires that the pain be serious. *See Hudson*, 503 U.S. at 8-9. The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson*, 501 U.S. at 302-03. In an excessive-force claim, the subjective component requires the plaintiff to show that the defendants acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'" *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Although the plaintiff does not say so, the Court liberally construes the complaint to allege that he suffered serious pain during the pie-flap incident, thereby satisfying the objective component of his excessive-force claim.[2] Plaintiff's Complaint alleges that these Defendants used "excess and aggressive tactics" which, if true, satisfy the subjective component of his excessive-force claim as well.

The plaintiff's excessive-force claim against the above-named defendants is not facially frivolous. Therefore, process shall issue as to Cpl. Mosby, Sgt. Lewis, Shift Commander Baldwin, and Officer Miller.

An appropriate order will be entered.

Todd Campbell
United States District Judge

---

[2] The plaintiff has provided a copy of the minutes of the grievance hearing related to the pie-flap incident. In it, the plaintiff asserts that he suffered injuries as a result of the confrontation. (Docket Entry No. 1, Attach. Minutes of Grievance Hearing dtd Aug. 18, 2008)

5