IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRANDON C. ROLLEN #375069,       )
                                 )
        Plaintiff,                )
                                 )
                                 )
vs.                              )    CASE NO. 3:08-1053
                                 )    JUDGE CAMPBELL/KNOWLES
                                 )
                                 )
ROBERT MOSBY, et al.,            )
                                 )
        Defendants.               )

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a "Motion to Dismiss" filed by Defendants Robert Mosby, Ernest Lewis, and Larry Baldwin. Docket No. 27. The Motion states that, contrary to the previously-entered Scheduling Order (Docket No. 25), Plaintiff has failed to keep the Court and these Defendants advised of his current address. The Motion asks the Court to dismiss the case "for Plaintiff's failure to prosecute and comply with the Court's Order."

Approximately two weeks after the instant Motion was filed, Defendants submitted a "Notice," which notified the Court that Defendants were mailing another copy of their Motion to Dismiss to Plaintiff because their prior-mailed copy was returned marked "Return to Sender Unclaimed Unable to Forward." Docket No. 28. According to the Certificate of Service on the Notice, Defendants served a copy of the Notice (and the Motion to Dismiss) upon Plaintiff at both Morgan County Correctional Complex and DeBerry Special Needs Facility.[1]

---

[1] The Court notes that, according to the "Tennessee Felony Offender Information Lookup" website, Plaintiff is still in the custody of the Tennessee Department of Correction, and

Plaintiff, acting pro se, submitted his Complaint in this action on October 20, 2008, with an application to proceed in forma pauperis. Docket Nos. 1, 2. Plaintiff sued a number of Defendants pursuant to 42 U.S.C. § 1983 regarding incidents that occurred on February 20, 2007, while Plaintiff was an inmate at Riverbend Maximum Security Institution.[2]

As discussed above, the instant Motion to Dismiss was filed July 20, 2009. It was resent to Plaintiff on August 4, 2009. On August 19, 2009, Defendants filed a Motion for Extension of Time to Complete Discovery. Docket No. 29. On September 24, 2009, Defendants filed a Motion to Extend the Deadline for Filing Dispositive Motions. Docket No. 30.

Plaintiff has not responded to any of the foregoing Motions. Plaintiff has failed to prosecute this action, and it appears that his claims are, in any event, barred by the statute of limitations.

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 27) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

---

is incarcerated at DeBerry Special Needs Facility. *See http://www.tennesseeanytime.org/foil/search.jsp,* accessed December 8, 2009.

[2] It appears that Plaintiff's claims are barred by the one year statute of limitations set forth in TCA § 28-3-104(a)(3).

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

3